IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01869–PAB–KMT

JOHN SMITH #133989,

    Plaintiff,

v.

RANDY ANDERSON, Lieutenant #2448, and
KIP STRODE, Lieutenant #1451,

    Defendants.

## AMENDED ORDER

This matter is before the court on Plaintiff's "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" (Doc. No. 9, filed November 17, 2010) and "Motion for Appointment of Counsel" (Doc. No. 10, filed November 17, 2010).

Plaintiff seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff previously paid the Court's filing fee. (*See* Doc. No. 1.) The Court, having considered the plaintiff's financial records, and due to Plaintiff's limited resources, grants Plaintiff leave to proceed *in forma pauperis*.

Plaintiff also seeks appointment of counsel to represent him in this matter. Unlike a criminal defendant, a plaintiff in a civil case has no constitutional right to appointed counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). Rather, a court has discretion to request

counsel for a civil litigant proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Johnson*, 466 F.3d at 1217; *Castner*, 979 F.2d at 1420 n.2. Section 1915(e) provides, "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.1995)).

In this suit, Plaintiff alleges that Defendants violated his rights under the Equal Protection Clause and his due process rights. In support of his motion for appointment of counsel, Plaintiff states he is unable to afford counsel, his ability to litigate is hampered by his placement in a maximum security facility and limited access to legal resources, he has mental health issues, he is lacking education, and he has not been able to obtain counsel on his own.

Here, the plaintiff's Complaint adequately presents his claims. The factual and legal issues raised by Plaintiff in this case are not overly complex, novel, or difficult to state or analyze. Plaintiff has demonstrated an ability to adequately communicate his argument and the pertinent facts to the court. Given the liberal standards governing *pro se* litigants, if Plaintiff devotes sufficient efforts to presenting his case, at this time it appears that he can do so adequately, without the assistance of counsel. On balance, these considerations weigh against an appointment of counsel. Consequently, it is

**ORDERED**

1.  Plaintiff's "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" (Doc. No. 9) is GRANTED; and

2.  Plaintiff's "Motion for Appointment of Counsel" (Doc. No. 10) is DENIED without prejudice.

Dated this 23rd day of November, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge